WARD *v.* INGRAHAM.

When the assignor of the plaintiff, is examined as a witness on behalf of the plain-
tiff, under § 399 of the code, the defendant can offer himself as a witness to the
*same matter only,* to which the assignor has been examined.

But when the assignor testifies, not only to the performance of work, labor, &c., and
the price or value thereof, but also to the amount of payments made by the de-
fendant on account, and *the balance remaining due,* the defendant may offer him-
self, to show that a *greater* amount has been paid, and when so offered, he *must*
be received.

A claim for a balance of $86, for work and labor, the aggregate of which work and
labor amounted to $400, reduced by payments to the sum first named, does
not create a case of mutual accounts, within the meaning of the statute defining
the jurisdiction of justices' courts. Payments on a claim are not, in any proper
sense, items of an account in favor of the defendant. The account, although re-
duced by payments, is on one side only, within the meaning of the statute.

It is otherwise, when the defence seeks to *set off* items arising in a course of mu-
tual dealing, which themselves constitute an affirmative claim in the defendant's
favor, and which have not been specifically appropriated, *as payments,* to the re-
duction of the plaintiff's claim.

APPEAL by the defendant, from a judgment rendered for the
plaintiff, in one of the district courts. The opinion gives the
facts. (*a*)

BY THE COURT. WOODRUFF, J.—This case is submitted up-
on the argument of the appellant only, the respondent's coun-
sel having presented no points.

We think the judgment must be reversed. The action was
brought by the plaintiff, as assignee of a claim for work, la-
bor, and materials done and furnished for the defendant, by
one Herbert. On the trial, Herbert (the assignor) was exam-
ined as a witness on behalf of the plaintiff.

He testified to the performance of the work and the furnish-
ing of the materials, and stated the value or amount thereof.
After testifying, that the whole amount of the work and mate-

(*a*) The first judge, being related to one of the parties, took no part in this de-
sion.

rials, which he had furnished and performed for the defendant, was $436 09, he added, " $350 of that amount has *been paid;* $86 09 is *now due.*"

The defendant then offered himself as a witness to show *what payments* he had made to Herbert, and the justice excluded him.

In this we think there was error. By the 399th section of the code of procedure, when the assignor of the plaintiff is examined on his behalf, the defendant may offer himself as a witness to the *same matter*, and when so offered, he *must* be received. The court have no discretion to exercise.

Had the plaintiff confined his examination of the assignor (Herbert) to proof of the performance of the work, &c., and its value or amount, the ruling of the justice would have been correct. In such case, an offer by the defendant, expressly *limited*, as this was, to proof of *payments*, would not have been offering himself as a witness to *the same matter*, but to *other* and *new* matter, not going at all in *denial* of the performance of the work, &c., to which the assignor had testified.

But the plaintiff did not stop with proof of performance, &c. The assignor, upon the plaintiff's examination, testified to the *amount of payments*, and that the *balance*, $86 09, was *due*. To disprove this, he, by such examination, made the defendant competent, and the offer was, to show what payments had in fact been made to Herbert. This was "the same matter" to which the assignor had been examined; and the terms of § 399 are too explicit, we think, to leave it doubtful whether the justice ought not to have allowed him to testify.

The question of jurisdiction was not raised before the justice on the trial; and if it had been, the defendant's objection could not be sustained. This was not a case of mutual accounts, but simply a claim for a balance due for work, &c., upon which *payments* had been made. And although the aggregate of the work, &c., amounted to over $400, that did not create a case of mutual accounts within the meaning of the statute. *Payments* on a claim are not, in any proper 'sense, items of an " account" in favor of the defendant. The account is on one side only, within the meaning of the statute, though *it*

is reduced by payments. It is otherwise, when the defence seeks to *set off* items arising in a course of mutual dealing, which in themselves constitute an affirmative claim in the defendant's favor, and which have not been specifically appropriated, as *payments*, to the reduction of the claim of the plaintiff. (*Bowditch* v. *Salisbury*, 9 Johns. R. 365; *ex parte* Mills, 10 Wend. 557; and *Matterson* v. *Bloomfield*, ib. 555.)

The other questions raised by the counsel for the appellant, have no foundation in the case exhibited by the return. There was no refusal to swear any witness; and no receipts or papers appear annexed to the return, nor to have been given in evidence, except such as the witness stated, are included in the amount credited to the defendant. If the return is in these respects defective, it should have been amended before the hearing of the appeal.

But, upon the ground first mentioned above, the judgment must be reversed.

Judgment reversed.